**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

KEVIN SUTPHIN,

     Petitioner,

     vs.                                            Civ. No. 07-1252 RB/LCS

JAMES JANECKA, Warden,

     Respondent.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on Kevin Sutphin's Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed December 12, 2007 (Doc. 1), and Respondent's Motion to Dismiss, filed February 21, 2008 (Doc. 10). Petitioner, currently incarcerated, attacks the Judgment and Sentence in the First Judicial District, County of Santa Fe, State of New Mexico entered April 7, 1987. (Doc. 9, Ex. A.) Respondent seeks dismissal, asserting that Petitioner has failed to state a claim pursuant to 28 U.S.C. § 2254. (Doc. 10.) The United States Magistrate Judge, having considered the Motion, the briefs, the record, relevant law, and being otherwise fully advised, finds that there is no need for an evidentiary hearing, and that Petitioner's application is not well-taken and should be **DISMISSED**.

**I.    FACTUAL BACKGROUND**

On October 18, 1985, Charles Franklin was found unconscious and covered with a bloody blanket in his cell in the protective custody unit of the Penitentiary of New Mexico in Santa Fe. (Doc. 1, Ex. C at 2.) Franklin's autopsy revealed five large lacerations on the right

1

side of his head which resulted in his death.  (*Id*.)  Any one of the blows to his head would have rendered him unconscious.  (*Id*.)

At the time of the incident, Petitioner and Clifford Hoffman, his fellow inmate and subsequent co-defendant, were also being housed in the protective custody unit.  (*Id*. at 2.)  Afterwards, a corrections officer noticed blood on Petitioner's forearms and a pinkish-colored towel in his cell along with other items that he recognized as Franklin's.  (*Id.*)

According to Petitioner, he and Hoffman had visited Franklin, who was known to have an extensive history of violence towards other inmates, to discuss a gambling debt.  (Doc. 1 at 4.)  At some point during this visit, Petitioner noticed that Franklin was holding a small pipe in one hand.  (*Id*; *see also* Doc. 1, Ex. C at 2.)  Fearful that Franklin would attack, Petitioner jumped on Franklin, wrestled the pipe away, and hit Franklin on the head with it.  (Doc. 1 at 4; Doc. 1, Ex. C at 2-3.)  Franklin then pulled from under his pillow a larger pipe, but, before he had time to struggle, Petitioner repeatedly struck him in the head with the original pipe until he was pulled off by Hoffman.  (Doc. 1, Ex. C at 3.)

No defensive wounds were found on Franklin.  (*Id*. at 3.)  Later, Petitioner testified that, after Franklin became unconscious, he covered Franklin's body with a blanket and continued to hit him with the pipe.  (*Id*.)

**II.     PROCEDURAL HISTORY**

Petitioner was convicted, following a jury trial in the First Judicial District, County of Santa Fe, State of New Mexico, of two offenses: first degree murder in violation of NMSA 1978 § 30-2-1(A)(1), and tampering with evidence in violation of NMSA 1978 § 30-22-5.  (Doc. 9, Ex. A.)  At the trial, the jury was instructed on first-degree murder and self-defense.  (Doc. 1,

Ex. C at 3.)  The first-degree murder instruction did not include the element of lawfulness, and the self-defense instruction did not explicitly place the burden on the State to prove beyond a reasonable doubt that Petitioner had not acted in self-defense.  (*Id*.)  On April 7, 1987, Petitioner was sentenced to a term of life and to a term of eighteen months, with the sentences to be served concurrently. (*Id*.)

Petitioner filed a direct appeal to the New Mexico Supreme Court on July 8, 1987 (Doc. 9, Ex. B), contending: the trial court erred in (1) failing to permit him to exercise his full number of peremptory challenges, (2) removing for cause two jurors who retracted their initial statements about the death penalty, and (3) denying a mistrial; and (4) the evidence at trial was insufficient to sustain a conviction of first degree murder (Doc. 9, Ex. F).  On May 2, 1988, the New Mexico Supreme Court entered an opinion affirming Petitioner's convictions.  (Doc. 9, Ex. F.)

Six years after upholding Petitioner's conviction, the New Mexico Supreme Court published *State v. Parrish*, 878 P.2d 988 (1994).  In *Parrish*, the defendant challenged his voluntary manslaughter conviction on the grounds that: (1) the voluntary manslaughter instruction omitted unlawfulness as an element; and (2) the self-defense instruction failed to explicitly place the burden on the State to disprove self defense.  (Doc. 1, Ex. C. at 3; *see also id*. at 990.)  The court found that reversible error had occurred because: (1) when an instruction on self-defense is appropriate, unlawfulness is an element that must be proven by the State; and (2) the self-defense instruction was ambiguous since it did not explicitly inform the jury that, under New Mexico law, the State has the burden of disproving self-defense beyond a reasonable doubt. *Parrish*, 878 P.2d at 991-92, 994-95.

3

Relying on *Parrish*, Petitioner filed his state habeas petition on April 9, 1997, alleging, in relevant part, that his right to due process at trial had been violated by defects in the jury instructions.  (Doc 9, Ex. G.)  In particular, Petitioner asserted that he was denied due process because, by omitting the element of unlawfulness, the State was not required to prove every element beyond a reasonable doubt, and because the self-defense instruction used at his trial could have been construed as placing the burden on him to prove self-defense.  (*Id*.)  After being appointed counsel, Petitioner raised the same issue in an amended petition filed on February 26, 1999.  (Doc. 9, Ex. H.)

Eight years after Petitioner's pro se petition was originally filed, it was granted in part by the state district court, which concluded that "[w]here, as here, the fundamental error raised by the habeas petitioner is identical to the error the New Mexico Supreme Court discussed in *Parrish* in so many respects, the need for finality must yield to the need for consistency."  (Doc. 9, Ex. Y at 4.)

Two years later, the New Mexico Supreme Court reversed the state district court, finding instead that, in Petitioner's case, fundamental error did not occur because Petitioner's actions "were not reasonable and did not support a self-defense instruction."  (Doc. 1, Ex. C at 6-8.)  In reaching this conclusion, the court noted that, after Franklin threatened Petitioner with a pipe and lost his balance, Petitioner "(1) pinned Franklin to the bed, (2) repeatedly struck Franklin in the head with a pipe when any one blow would have rendered him unconcious, (3) placed a blanket over Franklin's body after he became unconscious, and (4) had to get pulled off of Franklin's lifeless body by his co-defendant."  (*Id*. at 7.)  "Self-defense not being appropriately before the

jury in the first place," the court explained, "unlawfulness was not an essential element needing to be proven by the state." *(Id.)*

On December 12, 2007, Petitioner timely filed his petition for federal habeas relief in this Court, maintaining only that his right to due process was violated because the instructional errors prevented the jury from being instructed on every element of the charged offense. (Doc. 1.) As Respondent acknowledges in his answer, Petitioner's claim has been fully exhausted in the New Mexico state courts. (Doc. 9 at 2.) On February 21, 2008, Respondent moved to dismiss on the grounds that Petitioner's application fails to state a cognizable claim under 28 U.S.C. § 2254. (Doc. 10.) The Court granted Petitioner's request for an extension of time to respond to the motion to dismiss, allowing him until May 1, 2008. (Doc. 14.) More than sixty days has passed since this deadline, and Petitioner has yet to file a response.

### IV. STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs the Court's review of Mr. Varela's application. 28 U.S.C. § 2254(d). Under AEDPA, the appropriate standard of review for a particular claim is determined by the state courts' treatment of that claim. *Welch v. Sirmons*, 451 F.3d 675, 682 (10th Cir. 2006). If a state court has not addressed a claim on the merits, *de novo* review is appropriate. *Id*. But if a state court has addressed a claim on the merits, a federal court may not grant an application for a writ of habeas corpus unless the state decision was (1) "contrary to" or an "unreasonable application" of "clearly established" federal law, as determined by the Supreme Court, or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceedings." 28 U.S.C. § 2254(d).

A state court decision is "contrary to" federal law if it "'arrives at a conclusion opposite to that reached by the Supreme Court on a question of law'" or "'decides a case differently than the Court has on a set of materially indistinguishable facts.'"  *Young v. Sirmons*, 486 F.3d 655, 662-63 (10th Cir. 2007) (quoting *Torres v. Lytle*, 461 F.3d 1303, 1311 (10th Cir. 2006)).  When reviewing a state court's summary disposition, the focus is on the result rather than any reasoning.  *Stevens v. Ortiz*, 465 F.3d 1229, 1235 (2006).  However, when reviewing fully reasoned opinions, "this circuit has not focused solely on the result 'where the state court's explicit *reasoning* contravenes Supreme Court precedent.'" *Id*. (quoting *Brown v. Uphoff*, 381 F.3d 1219, 1225 (10th Cir. 2004), *cert denied*, 543 U.S. 1079 (2006)).

A state court decision is an "unreasonable application" of federal law if it "'correctly identifies the governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Young*, 486 F.3d at 663 (quoting *Torres*, 461 F.3d at 1131).  "'[A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable.'"  *Penry v. Johnson*, 532 U.S. 782, 792-93 (2001) (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000)).  Even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application was also objectively unreasonable.  *Id.*

A state court decision rests on an "unreasonable determination of the facts" where a petitioner shows by "clear and convincing evidence" that a factual finding is erroneous.  *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005).  Otherwise, factual findings are presumed correct.  28 U.S.C. § 2254(e)(2).

Only federal constitutional principles clearly established at the time of the conviction are relevant. *Allen v. Reed*, 427 F.3d 767, 774 (10th Cir. 2005); *see also Teague v. Lane*, 489 U.S. 288 (1989). Moreover, even if application of the above standard does not preclude further review by the federal court and even if a constitutional violation is found, habeas relief may not issue unless the violation is of the sort that warrants such relief. *Williams*, 529 U.S. at 375.

V. **ANALYSIS**

"[A]n instruction that omits an element of the offense does not necessarily render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence." *Neder v. United States*, 527 U.S. 1, 9 (1999). Although jury instructions that relieve States of the burden of proving beyond reasonable doubt every element of the charged offense violate a defendant's due process rights, this type of error is subject to the harmless-error rule. *Carella v. California*, 491 U.S. 263, 265-266 (1989); *see also id.* at 10-12; *United States v. Gonzalez-Lopez*, 548 U.S. 140, 158 (2006). Under the harmless-error rule, a constitutional error is harmless if it "appears 'beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'" *Neder*, 527 U.S. at 15 (quoting *Chapman v. California*, 386 U.S. 18, 24 (1967)).

With this framework in mind, I cannot conclude that the New Mexico Supreme Court's decision was "contrary to" or "an unreasonable application" of "clearly established federal law" within the meaning of AEDPA. *See* 28 U.S.C. § 2254(d). The court rejected Petitioner's due process claim after finding that the instructional errors had not caused Petitioner's trial to be "injected with fundamental error." (Doc. 1, Ex. C at 7-8.) "Fundamental error," the court explained, occurs when "a reasonable juror would have been confused or misdirected by the jury

7

instruction." (*Id*. at 7.) "Since Petitioner was not entitled to a self-defense instruction at his trial, fundamental error did not occur when the element of unlawfulness was not included . . . ." (*Id*. at 8.) The "fundamental-error doctrine" is not inconsistent with the "harmless-error doctrine" and is thus not contrary to federal law. *Young*, 486 F.3d at 662-63. Likewise, the New Mexico Supreme Court's application of it does not appear to be objectively unreasonable. *Penry*, 532 U.S. at 792-93. Accordingly, I must recommend that Petitioner's Application for Writ of Habeas Corpus be denied. 28 U.S.C. § 2254(d).

Relying on *Sullivan v. Louisiana*, 508 U.S. 275, 279-82 (1993), Petitioner disputes this conclusion. In particular, he argues instead in his application that the omission of the element of lawfulness "'vitiates all the jury's findings'" and is not subject to harmless error analysis because there is "'no object upon which harmless error scrutiny can operate.'" (Doc. 1 at 13-14.) As the Supreme Court has clarified, however, "the conclusion that the omission of an element is subject to harmless-error analysis is consistent with the holding (if not the entire reasoning) of *Sullivan v. Louisiana*." *Neder*, 527 U.S. at 10. "Although this strand of the reasoning in *Sullivan* does provide support [for Petitioner's position]," the Court explained, "it cannot be squared with our harmless-error cases." *Id*. at 11.

## VI.    RECOMMENDATION

It is hereby recommended that Respondent's Motion to Dismiss (Dc. 10) be **GRANTED**, and that Petitioner's Application for Writ of Habeas Corpus (Doc. 1) be **DISMISSED** as without merit. Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to § 636(b)(1)(C), file written objections to such

proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Boulevard N.W., Albuquerque, NM 87102.  A party must file objections within the ten day period if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

  
**LESLIE C. SMITH**  
**UNITED STATES MAGISTRATE JUDGE**